■ CANTOR FITZGERALD, INCORPORATED, Plaintiff, v CANTOR FITZGERALD, L.P., Defendant. CANTOR FITZGERALD, L.P., Counterclaim Plaintiff-Respondent, v CANTOR FITZGERALD, INCORPORATED, et al., Counterclaim Defendants-Appellants. [734 NYS2d 129] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered October 12, 2000, which denied the motion of counterclaim defendants Cantor Fitzgerald, Incorpo-

rated, Estate of B. Gerald Cantor, and Iris Cantor, individually, for summary judgment dismissing the counterclaim asserted by counterclaim respondent Cantor Fitzgerald, L.P., unanimously affirmed, without costs.

Counterclaim defendants appeal from the denial of their motion for summary judgment dismissing the counterclaim for misappropriation of funds allegedly paid by counterclaim defendant Canter Fitzgerald, Incorporated (CFI) to Gerald Cantor, CFI's founder, after a business reorganization in 1992, in which Cantor Fitzgerald, L.P. (CFLP) undertook to, *inter alia*, indemnify CFI for certain corporate tax obligations. Some of the payments to Cantor were deemed to be excessive by the Internal Revenue Service, and tax deductions premised on such payments were disallowed. Pursuant to one of the agreements between the parties, CFLP has already been directed to indemnify CFI for tax liabilities resulting from these payments.

In its counterclaims, CFLP seeks damages for CFI's alleged misappropriation of the funds used to make the excessive payments to Cantor. In turn, CFI claims that by contemporaneous and subsequent conduct of its officers, CFLP acquiesced in or ratified the payments made to Cantor.

As the IAS court found, there remain numerous factual questions as to whether the disputed payments to Cantor were made, as CFI contends, from a bonus accrual fund known to CFLP's officers. Indeed, the very existence of such a fund is not established, as a matter of law, on the record before us. In addition, we find factual questions as to whether, *inter alia*, there was detrimental reliance by CFI on any purported acquiescence or ratification by CFLP. It is premature to find, as a matter of law, that the payments made by CFI to Cantor and disallowed by the Internal Revenue Service were ratified by the conduct of CFLP's officers. Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Wallach and Marlow, JJ.